IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIAM LOGGINS,**

        **Petitioner,**

    v.                        CASE NO. 13-3104-SAC

**DAN SCHNURR, et al.,**

        **Respondents.**

### MEMORANUDM AND ORDER

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by a state inmate. Petitioner seeks to challenge his criminal convictions in 2000 in Sedgwick County District Court, Wichita, Kansas. Having examined the materials filed and pertinent court records, the court finds that this petition is subject to being dismissed as second and successive. Petitioner is given time to satisfy the filing fee prerequisite and to show cause why this action should not be dismissed for the reasons stated herein.

The statutory fee for filing a habeas corpus petition is $5.00. Petitioner has neither paid the fee nor submitted a properly supported motion to proceed in forma pauperis (IFP). The clerk is directed to send forms for filing an IFP motion to petitioner. This matter may not proceed unless petitioner satisfies the fee in one of these two ways.

On August 24, 2000, Mr. Loggins was convicted by a jury of

1

aggravated kidnaping, aggravated robbery, and aggravated burglary and was sentenced on October 13, 2000, to 713 months in prison.[1] *Loggins v. State*, 277 P.3d 448, *1 (Kan.App. June 2, 2012)(Table). He directly appealed his conviction to the Kansas Court of Appeals (KCA), which affirmed. The Kansas Supreme Court (KSC) denied review on February 4, 2003.

On January 2, 2004, Mr. Loggins filed his first state post-conviction motion pursuant to K.S.A. 60-1507. It was denied, and he appealed to the KCA, which affirmed the denial. The Kansas Supreme Court denied review on March 27, 2007. *See Loggins v. State*, 145 P.3d 945 (Kan. App. 2006). On October 14, 2010, Mr. Loggins filed another 60-1507 petition that was denied as untimely. He appealed and the denial was affirmed by the KCA on June 1, 2012. *Loggins v. State*, 277 P.3d 448 (Kan.App. 2012), review denied (Kan. Mar. 26, 2013).

The court takes judicial notice of *Loggins v. Cline*, 568 F.Supp. 1265 (D.Kan. July 30, 2008)(Case No. 07-3113-JAR), a*ppeal dismissed* 317 Fed.Appx. 832 (10th Cir. 2009), *cert. denied*, 558 U.S. 1152 (2010). This federal habeas corpus application filed by Mr. Loggins also challenged his 2000 Kansas convictions. In this prior petition, Mr. Loggins claimed insufficient evidence to support his convictions of aggravated burglary and aggravated kidnaping, ineffective

---

[1] On April 3, 2000, Mr. Loggins filed a § 2254 petition in federal court that was dismissed without prejudice for failure to exhaust state remedies. *Loggins v. Kansas*, Case No. 00-3109-DES (April 20, 2000). He appealed, and the Tenth Circuit dismissed that appeal on August 30, 2000 (App. Case No. 00-3117).

2

assistance of trial and appellate counsel, and prosecutorial as well as judicial misconduct. The petition was denied on the merits.

Section 2244 of 28 U.S.C., provides in pertinent part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Thus, it is clear that under 28 U.S.C. § 2244(b)(3)(A), a second or successive petition for writ of habeas corpus may be filed in federal district court only if the applicant first obtains an order from the appropriate federal court of appeals authorizing the district court

to consider the petition. *Id*.

Some of the claims raised in the instant petition may be different from those raised and decided in Mr. Loggins' prior federal application. Nevertheless, the court finds that the instant application is second or successive. *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001), *cert. denied*, 535 U.S. 973 (2002). Mr. Loggins did not comply with the provisions of § 2244(b)(3)(A), but filed his petition without obtaining prior authorization from the Tenth Circuit. As a result, it appears that this court lacks jurisdiction to address the merits of any § 2254 claim asserted in this petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *see United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006).

Furthermore, it is clear that this petition is time-barred, as the one-year statute of limitations expired in this case in 2007.[2]

This court may transfer this action pursuant to 28 U.S.C. § 1631 to the Tenth Circuit for prior authorization if it is in the interest of justice to do so, or dismiss it for lack of jurisdiction. *In re Cline*, 531 F.3d at 1252. However, the court has no difficulty finding that the interest of justice would not be served by transfer of the instant action to the Tenth Circuit Court of Appeals, and that the petition should be dismissed instead. The three primary

---

[2] Petitioner has not used the court-approved forms for filing this application, and appears to have instead followed his own format. If he had used the appropriate forms, he would have been directed to address the issues of successive applications and timeliness. Since he omitted these questions from his application, he has alleged no grounds contrary to the court's findings that this petition is second and successive as well as time-barred.

4

considerations governing a court's decision whether to transfer or dismiss are: (1) whether the action was in good faith filed in the wrong court; (2) whether dismissal might make it difficult for the petitioner to comply with the one-year federal limitations period; and (3) whether the claim is likely to have merit. See id. at 1251.

The first consideration does not support transfer in this case because the statutory requirement of prior authorization for second or successive habeas petitions from the Circuit Court has been in effect for over 17 years, making it difficult for petitioner to credibly allege that the filing of the instant petition in this court without authorization was done in good faith. See id at 1252. Second, a dismissal will not make it any more difficult for petitioner to comply with the applicable limitations period because the limitations period expired years ago. Petitioner's 2007 federal application was timely, but the one-year statute of limitations has clearly expired for any attempt to amend his first petition to add a new claim. See U.S. v. Espinoza-Saenz, 235 F.3d 501, 504 (10th Cir. 2000). Moreover, the instant habeas application is not an amendment, but a separate filing submitted over six years after the 2007 petition. See Marsh v. Soares, 223 F.3d 1217, 1219 (10th Cir. 2000). Finally, the fact that this case is time-barred leads the court to conclude that transfer of this action would raise "false hopes" and waste judicial resources on a case that is "clearly doomed." Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000).

5

For the foregoing reasons, the court declines to transfer this application to the Tenth Circuit for authorization, and finds instead that it should be dismissed for lack of jurisdiction in accordance with 28 U.S.C. § 2244(b)(3). Petitioner is given time to satisfy the filing fee and to show cause why this petition should not be dismissed for the reasons stated herein. If he fails to comply within the time provided, this action will be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner is granted twenty (20) days in which to satisfy the filing fee and to show cause why this petition should not be dismissed for lack of jurisdiction because it is second and successive and time-barred.

The clerk is directed to send IFP forms to petitioner.

**IT IS SO ORDERED.**

Dated this 14th day of August, 2013, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
**U. S. Senior District Judge**